IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| 1ST SOURCE BANK | § | PLAINTIFF |
| | § | |
| V. | § | Civil No. 1:10CV540-HSO-JMR |
| | § | |
| MARLIN F. TORGUSEN | § | DEFENDANT |

**MEMORANDUM OPINION AND ORDER DENYING WITHOUT
PREJUDICE DEFENDANT'S MOTION TO DISMISS, AND GRANTING
PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT**

This cause comes before the Court upon the Motion to Dismiss [3] filed by Defendant Marlin F. Torgusen on February 2, 2011.  Plaintiff 1st Source Bank has filed a Response [7].  The Court, having considered the pleadings on file, the briefs and arguments of the parties, and the relevant legal authorities, finds that Defendant's Motion to Dismiss should be denied without prejudice, and that Plaintiff should be granted leave to file an Amended Complaint.

I.  PROCEDURAL HISTORY

On February 24, 2004, Chief United States District Judge Robert L. Miller, Jr., in the United States District Court for the Northern District of Indiana, entered a Stipulated Judgment [1-1] for Plaintiff and against Defendant in the sum of $725,000.00.  On May 28, 2004, the Clerk of Court enrolled the Judgment in this Court, and on June 1, 2004, Plaintiff enrolled the judgment in the office of the Circuit Clerk for Harrison County, Mississippi, First Judicial District.  *See* Registration of Foreign J., attached as Ex. "A" to Resp. [7]; J. Roll, attached as Ex. "B" to Resp. [7].  Plaintiff filed its current Complaint [1] in this Court on November

24, 2010.  Plaintiff appears to be seeking a renewed Judgment from this Court.  *See* Compl.  Defendant seeks dismissal based on the theory that the statute of limitations has expired.

## II.  DISCUSSION

A.   Standard of Review

The Court will construe Defendant's Motion to Dismiss on statute of limitations grounds as filed under Federal Rule of Civil Procedure 12(b)(6).  Fed. R. Civ. P. 12(b)(6).  "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like."  *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

B.   Statute of Limitations

Defendant argues that, pursuant to Mississippi Code § 15-1-45, Plaintiff's suit is untimely, because more than three years have passed since the Stipulated Judgment was entered.  Mississippi Code § 15-1-45 reads as follows:

> All actions founded on any judgment or decree rendered by any court of record without this state shall be brought within seven years after the rendition of such judgment or decree, and not after.  However, if the person against whom such judgment or decree was or shall be rendered, was, or shall be at the time of the institution of the action, a resident of this state, such action, founded on such judgment or decree, shall be commenced within three years next after the rendition thereof, and not after.

Miss. Code § 15-1-45.

The Complaint bases this action solely on the February 24, 2004, Stipulated Judgment from the Northern District of Indiana. Therefore, from the face of the Complaint, the three year limitation of Mississippi Code § 15-1-45 would seem to bar the present action. However, Plaintiff has presented evidence of the registration of the Judgment in this Court in 2004. Thus, the dispute in this case boils down to whether this action is "founded on any judgment or decree rendered by any court of record without this state. . . ." *Id.* If founded on the 2004 registration of Judgment in this Court, the question presented is whether the registration of a foreign judgment in a federal court in Mississippi is a court "without this state." *Id.* No Mississippi cases on point have been found, nor have the parties directed the Court to any.

>28 U.S.C. § 1963 reads in pertinent part as follows:
>
>A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. . . . *A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.* . . .

28 U.S.C. § 1963 (emphasis added).

Considering the language of this statute and precedent from other Circuits, the Fifth Circuit has held that registration of a judgment in a district court in a new state is fully enforceable in the new state and has all the attributes of a judgment

rendered by the district court in the new state.  *Del Prado v. B. N. Development Co., Inc.*, 602 F.3d 660, 667 (5th Cir. 2010).  Therefore, the registration of the Judgment in this Court on May 24, 2004, was equivalent to a new federal judgment by this Court.  *See id.*  This would be fatal to Defendant's statute of limitations argument, as Plaintiff initiated this new action within seven (7) years thereof.  *See* Miss. Code § 15-1-45; *Kimbrough v. Wright*, 97 So. 2d 362, 363 (Miss. 1957) ("the effective method to extend the judgment lien is by filing another suit upon the judgment before the expiration of 7 years from the date of the rendition thereof.").

The confusion as to the timeliness of Plaintiff's Complaint seems to stem from the lack of pleading of all facts in the Complaint.  As mentioned above, the Complaint mentions solely the February 24, 2004, Stipulated Judgment from the Northern District of Indiana.  However, it is apparently the Judgment in this Court in 2004 upon which Plaintiff is founding its action for statute of limitations purposes.  Thus, the Court will grant Plaintiff leave to amend its Complaint to cure this error, and deny Defendant's Motion to Dismiss, without prejudice to its right to reassert its Motion should Plaintiff fail to file an Amended Complaint within fourteen (14) days of this Order.

### III.  CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss will be denied without prejudice, and Plaintiff will be granted leave to file an Amended Complaint.

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that the Motion to Dismiss [3] filed by Defendant Marlin F. Torgusen on February 2, 2011, should be and hereby is **DENIED WITHOUT PREJUDICE**.

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that Plaintiff shall file an Amended Complaint within fourteen (14) days of entry of this Order.

**SO ORDERED AND ADJUDGED,** this the 20th day of April, 2011.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE